KENTUCKY BAR ASSOCIATION,
Movant

v.

Clifford Alan BRANHAM, Respondent.

No. 2013–SC–000028–KB.

Supreme Court of Kentucky.

April 25, 2013.

## OPINION AND ORDER

The Board of Governors (Board) of the Kentucky Bar Association (KBA) recommends that this Court suspend Clifford Alan Branham from the practice of law for sixty days. Finding sufficient cause to do so, we adopt the Board's recommendation. Because Branham currently remains under suspension in a prior disciplinary matter, we further determine that the suspension period be served consecutively with his current suspension.

Branham's KBA Member No. is 88852 and his bar roster address is 841 Corporate Drive, Suite 310, Lexington, Kentucky, 40503. Branham was admitted to the Kentucky Bar on October 19, 2001.

By order of this Court entered December 28, 2009, Branham was suspended from the practice of law for nonpayment of a late fee for his dues payment for the fiscal year ending June 30, 2010. On March 8, 2010, Branham filed his Application for Restoration pursuant to SCR 3.500(1) with the Executive Director of the Kentucky Bar Association. On February 21, 2013, we entered an order denying Branham's application for reinstatement, and he remains suspended at this time.[1]

### I. KBA FILE NO. 19529

On September 9, 2010, Victor Ashby wired $2,000.00 to the escrow account of Branham's title company business, Cornerstone Title Services, LLC, as earnest money for his offer to purchase two parcels of real estate. The amount represented $1,000.00 for each of the two parcels. Ashby subsequently withdrew the offer as to

---

1. The record further discloses that on December 7, 2012, Branham was suspended pursuant to SCR 3.166, which provides .for the automatic suspension of a bar member convicted of a felony (Theft by Failure to Make Required Disposition of Property Over $10,000.00).

one of the properties as he was permitted to do under the contract, and therefore Ashby was due a refund of $1,000.00 representing the earnest money on the withdrawn purchase offer. After Branham failed to refund the amount due, Ashby filed a Complaint with the KBA.

In a letter dated October 6, 2011, to KBA Counsel Kristine Brower, Branham acknowledged his responsibility to repay $1,000.00 to Ashby, stating, "I do show this still being due and needed repaid in the original ledger on my server and I will make sure to remit to Mr. Ashby accordingly."

As a result of the above conduct, the Inquiry Commission charged Branham with violating SCR 3.130–8.4(c), which provides that "it is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." Branham did not file an Answer to the Charge.

In its review, the Board considered Branham's prior record of discipline, including a suspension for non-payment of bar dues in December 2009, and an Order of Private Admonition for violating SCR 3.130–8.4(c) in September 2012.

The Board recommended by a vote of 16–4 (with one member absent) the suspension of Branham's license to practice law for a period of sixty days, together with restitution of $1,000.00 to be paid to Ashby, or to the Clients' Security Fund if it has already paid Ashby for his loss, plus payment of the costs of this proceeding.

Having reviewed the record and the relevant law, we agree with the Board's findings and adopt its recommendations. Therefore, it is hereby ORDERED:

1. Clifford Alan Branham, KBA Member No. is 88852, is suspended from the practice of law in the Commonwealth of Kentucky for sixty days, effective if and when he is restored to the practice of law from his current suspensions;

2. This suspension shall run consecutively to Branham's current suspensions;

3. If he has not already done so, pursuant to SCR 3.390, Branham shall promptly take all reasonable steps to protect the interests of his clients, including, within ten days after the issuance of this order, notifying by letter all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel and notifying all courts or other tribunals in which he has matters pending. Branham shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel;

4. If he has not already done so, pursuant to SCR 3.390, Branham shall immediately cancel any pending advertisements, shall terminate any advertising activity for the duration of the term of suspension, and shall not allow his name to be used by a law firm in any manner until he is reinstated;

5. Pursuant to 3.390, Branham shall not, during the term of suspension, accept new clients or collect unearned fees;

6. If he has not already done so, Branham shall within 60 days of the date of this order, make restitution of $1,000.00 to Ashby, or to the Clients' Security Fund if it has already paid Ashby for his loss;

7. Pursuant to SCR 3.450, Branham is directed to pay all costs associated with these disciplinary proceedings, in the amount of $290.70, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 25, 2013.

/s/ John D. Minton, Jr.

Chief Justice